UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO BERRERA, | No. 2:15-cv-0610-KJM-EFB P |
| Plaintiff, | |
| v. | ORDER AFTER HEARING |
| J. SIVYER, et al., | |
| Defendants. | |

This is a section 1983 action brought by a state prisoner. Two motions are pending and ready for disposition. The first, filed by plaintiff's counsel, is a motion to withdraw. ECF No. 57. The second, filed by defendants, seeks an order to show cause in re contempt as to non-party inmate Rodrigo Sandoval ("motion for show cause order"). ECF No. 60. The motions were heard on June 13, 2018. Attorney Stephen Davids appeared on behalf of plaintiff and attorney Arthur Mark, III appeared for defendants. For the reasons on the record and summarized as relevant below, the motion to withdraw is granted and the motion for an order show cause is denied without prejudice.

I. Motion to Withdraw

Eastern District of California Local Rule 182(d) dictates that an attorney who has appeared on behalf of a client may not withdraw without leave of court. The rule also provides that "[w]ithdrawal of an attorney is governed by the Rules of Professional Conduct of the State

1

Bar of California" ("California Rules of Professional Conduct"). The California Rules of Professional Conduct are interpreted according to California law. *See Image Technical Servs., Inc. v. Eastman Kodak Co.*, 820 F. Supp. 1212, 1215 (N.D. Cal. 1993). Whether to allow an attorney to withdraw is a decision committed to the trial court's discretion. *See LaGrand v. Stewart,* 133 F.3d 1253, 1269 (9th Cir. 1998).

Plaintiff's counsel cites two California Rules of Professional Conduct - 3-700(C)(1)(a) and 3-700(C)(1)(d) - as justifications for their motion to withdraw. Rule 3-700(C)(1)(a) provides for an attorney's withdrawal if a client "insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law."[1] Rule 3-700(C)(1)(d) provides that an attorney may move to withdraw where a client's "conduct renders it unreasonably difficult . . . to carry out the employment effectively."

The court has reviewed the arguments and exhibits provided by plaintiff's counsel in support of their motion and finds that counsel has provided adequate justification for its position that it cannot continue to represent plaintiff in this matter.[2] Thus, the motion to withdraw is granted.

II. <u>Motion for Show Cause Order</u>

At the hearing, the court noted the legal sufficiency of defendants' arguments, but expressed concern over the practical challenges of crafting an effective sanction for Mr. Sandoval. Sandoval has clearly refused compliance with the subpoena for his deposition.

/////

---

[1] Under the Federal Rules of Civil Procedure, "presenting to the court a pleading, written motion, or other paper --whether by signing, filing, submitting, or later advocating it -- an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . [that] the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

[2] This finding should not be interpreted as an opinion on the ultimate validity of plaintiff's claims.

2

However, under questioning from the court, defendants' counsel acknowledged that Sandoval's deposition may not be necessary to litigate a summary judgment motion which counsel plans to file. In light of that, counsel agreed that this motion would be best denied without prejudice, subject to renewal in the event that his forthcoming dispositive motion is unsuccessful.

III.  Conclusion

In light of the foregoing, it is ORDERED that:

1. Plaintiff's counsels' motion to withdraw (ECF No. 55) is GRANTED;
2. The Clerk of Court shall terminate Ashley R. Amerio as counsel of record for plaintiff Ernesto Berrera; and
3. Defendants' motion for an order to show cause why a contempt citation should not issue to Rodrigo Sandoval (ECF No. 60) is DENIED without prejudice.

Dated: June 15, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE