UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO BERRERA, | No. 2:15-cv-00610-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| J. SIVYER, et al., | |
| Defendants. | |

    Defendants' motion to review the clerk of court's taxation of the Bill of Costs is before the court. Mot, ECF No. 76. On February 12, 2019, the court adopted the magistrate judge's findings and recommendations, dismissing plaintiff's case without prejudice, and the clerk entered judgment in favor of defendants. Order, ECF No. 72; Judgment, ECF No. 73. The court did not deem plaintiff's claims frivolous in dismissing them.

    Defendants timely filed a Bill of Costs, which requested reimbursement for $4,411.33 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case. Bill of Costs, ECF No. 74. No other costs and expenses were requested. The Bill of Costs included itemized invoices for seven depositions. *Id.*

    On April 10, 2019, the clerk of court reduced defendants' requested costs to $2,264.03. ECF No. 75. Defendants moved for review of the clerk's taxation of costs. Mot.

1

Federal Rule of Civil Procedure 54 authorizes courts to award costs to the "prevailing party" in federal actions. Fed. R. Civ. P. 54(d)(1). "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000). However, this presumption is not a rigid rule. *Fishgold v. Sullivan Drydock & Repair Corp.*, 328 U.S. 275, 283–84 (1946); *see also Ayala v. Pac. Mar. Ass'n*, No. C08-0119 TEH, 2011 WL 6217298, at *1 (N.D. Cal. Dec. 14, 2011) ("In order to overcome the presumption, a losing party must show that to award costs to the prevailing party would be unjust.") (citation omitted). Eastern District Local Rule 292, drawing on applicable rules of civil procedure, identifies several types of expenses the court may tax as costs, including court reporter fees and compensation for interpreters. E.D. Cal. L.R. 292(f)(1)-(11).

Prevailing defendants assert their entire bill of costs is compensable, including costs for an original and one copy of a deposition transcript, reporter's appearance fees and costs of shipping and handling transcripts, and interpreter's services. The court need not reach these arguments in the exercise of its discretion as explained below.

In *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014), the Ninth Circuit reviewed the prevailing defendant's cross-appeal of the district court's denial of costs. The clerk of court had reduced costs from the initial request, but on review of the cost bill, the district court denied costs entirely. *Id.* at 1247. The Ninth Circuit held it was not an abuse of discretion for the district court to have denied costs, explaining, "[a]ppropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Id.* at 1247–48. This list is not "exhaustive . . . of good reasons for declining to award costs, but rather a starting point for analysis." *Id.* at 1248 (citation and internal quotation marks omitted).

In this case, three of the five factors enumerated in *Escriba* support a complete denial of costs. While the first two factors, the substantial public importance of the case and the closeness of the case, do not support denying an award of costs, the remaining three do.

In *Stanley v. University of Southern California*, 178 F.3d 1069, 1079–1080 (9th Cir. 1999), the Ninth Circuit found the district court abused its discretion in failing to consider the "chilling effect of imposing such high costs on future civil rights litigants" reasoning "imposition of such high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation in this area." *See also Draper v. Rosario,* 836 F.3d 1072, 1089 (9th Cir. 2016) (finding a cost award of $3,018.35 "could chill similar lawsuits challenging Eighth Amendment violations in jails and prisons").

As in *Stanley* and *Draper*, imposing costs against plaintiff here, a state prisoner alleging civil rights violations under § 1983, would likely deter similarly situated litigants from bringing like claims. The prospect of losing one's claim and then owing a substantial cost bill to the state almost certainly has a chilling effect on prisoner civil rights litigation.

The next two factors weigh in favor of denying costs as well. For the purposes of this action, plaintiff was indigent and proceeded in forma pauperis. *See* Order Granting In Forma Pauperis Status, ECF No. 8. Nothing in the record indicates plaintiff's circumstances have changed. Moreover, it hardly needs to be said that the economic disparity between the indigent plaintiff and the State of California is vast. That the State is a public entity is of no moment. *Mansourian v. Bd. of Regents of the Univ. of Cal. at Davis*, 566 F. Supp. 2d 1168, 1171 (E.D. Cal. 2008) (holding economic disparity factor applicable against public university).

As a result, the court exercises its discretion in a fashion consistent with the aforementioned cases and denies the requested bill of costs entirely.

IT IS SO ORDERED.

DATED: February 11, 2020.

CHIEF UNITED STATES DISTRICT JUDGE

3